UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHRISTINE L. HOSKING, :

    Plaintiff, :

    vs. : No. 3:10cv0064(MRK)(WIG)

MICHAEL J. ASTRUE, :
Commissioner, Social Security
Administration, :

    Defendant. :
-------------------------------------------------------------X

RECOMMENDED RULING ON PLAINTIFF'S MOTIONS FOR ATTORNEY'S FEES

Following the entry of judgment reversing the decision of the Commissioner and remanding this case for further proceedings under sentence four of 42 U.S.C. § 405(g), Plaintiff, Christine L. Hosking, filed a motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended ("EAJA") [Doc. # 19]. Defendant responded that he did not oppose an award of fees but he did challenge the reasonableness of the number of hours for which compensation is sought [Doc. # 23]. Plaintiff then filed a reply memorandum [Doc. # 24] and a second motion for attorney's fees [Doc. # 25], seeking additional fees for the time spent filing a reply memorandum and a second motion for fees. Defendant filed opposition to this second motion [Doc. # 26], to which Plaintiff filed a second reply memorandum [Doc. # 27], and a third motion for attorney's fees [Doc. # 28], seeking yet additional fees for the time spent filing the second reply memorandum and a third motion for fees. This ruling covers all three motions.

The EAJA provides in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Subsection (B) provides that within thirty (30) days of a final judgment in the action, a party seeking an award of fees must submit an application for fees, which shows that the plaintiff is a prevailing party and is eligible to receive an award, the amount of fees and expenses sought, including an itemized statement showing the actual time expended and the rate at which the fees were computed, and an allegation that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). To be eligible for an award of fees under the EAJA, an individual's net worth much not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(i).

Plaintiff has complied with these requirements and, in this case, the Commissioner has not challenged the timeliness of the petition, Plaintiff's status as a prevailing party, or her assertion that the position of the Commissioner lacked substantial justification. The only issue before the Court is the amount of fees to be awarded.

The EAJA provides for an award of "reasonable" fees and expenses. 28 U.S.C. § 2412(d)(2)(A). The statute further provides that the "amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished," except that attorney's fees are capped at $125 per hour unless the court determines that an increase in the cost of living or other special factor, such as the limited availability of

qualified attorneys to handle the type of proceeding involved, justifies a higher fee. Id. Additionally, a district court enjoys broad discretion in determining what is a reasonable amount of time expended in pursuing a claim. See Aston v. Sec'y of Health & Human Servs., 808 F.2d 9, 11 (2d Cir. 1986).

As for the requested hourly rate, Plaintiff seeks an enhancement of the statutory rate of $125 per hour based upon the increase in the cost of living since March 1996, when the EAJA was amended to provide for the aforementioned statutory rate. Plaintiff has appropriately calculated that increase using the Consumer Price Index ("CPI"). See Harris v. Sullivan, 968 F.2d 263, 264-66 (2d Cir. 1992) (holding that the term "cost of living," which is not defined by the EAJA, is properly measured by the CPI). Defendant has not objected to the requested hourly rate. The Court will accept Plaintiff's counsel's certification that the rate of $180 per hour accurately reflects the increase in the cost of living based upon the CPI from March 1996 to 2009. See Kerin v. U.S. Postal Serv., 218 F.3d 185, 193 (2d Cir. 2000) (holding that the hourly rate under § 2412(d)(1)(A) should be increased by the corresponding CPI for each year in which the legal work was performed). Thus, the only issue for the Court is the reasonableness of the number of hours for which Plaintiff seeks compensation.

Plaintiff's first motion seeks an award of fees for a total of 34.20 hours, for a total fee award of $6,156.00. Defendant seeks a reduction in the requested number of hours by 12.65 hours, which would result in a fee award of $3,879.00.

More specifically, Defendant seeks a ten-hour reduction in the 21.4 hours spent between May 7th and 12th, 2010, on reviewing the administrative record, legal and medical research, and preparing the memorandum of law, based largely upon the fact that much of the argument section

of Plaintiff's memorandum is "boilerplate" or duplicative of other memoranda Plaintiff's counsel has filed in other cases. Contrary to Plaintiff's assertions in the reply brief, Defendant was not suggesting that it is wrong to use portions of memoranda filed in other cases (Pl.'s Reply at 1). Defendant was simply questioning the amount of time reported for this work. The Court appreciates Defendant's argument, as well as the admonition of the Second Circuit that fees under the EAJA should be awarded with an "eye to moderation." New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983). It is significant, however, that Plaintiff's counsel did not represent her before the Social Security Administration and had to start from scratch in acquainting himself with her medical records and the rest of the administrative record, which totaled 342 pages. Based upon first-hand experience, the Court recognizes that reviewing medical records, which are often hand-written and barely legible and rarely in chronological order, is a labor-intensive task. Plaintiff's memorandum of law covered 16 issues and was 38 pages in length. Under the circumstances, the Court finds that 21.4 hours are reasonable and compensable.

Defendant next challenges the 3.4 hours recorded on July 16, 2010, for preparation of the EAJA application and suggests that only .75 hours should be allowed. Plaintiff responds that he had to review and organize the file, including locating his contemporaneous time sheets; he had to type the itemization of time; he had to calculate the amount of the fee; he had to re-read the complaint, Plaintiff's memorandum of law, and Defendant's motion for remand so that he could write the factual section of the memorandum in support of his application for attorney's fees; he had to actually write that section; he had to locate on his computer "boilerplate" language from other cases to use; he had to make 146 changes in that "boilerplate" language; he had to

proofread each document; and he had to save, print, and copy each document (Pl.'s Reply Br. at 8-10). After reviewing the memoranda filed by both parties on this issue, the Court finds that both positions are unjustified. Plaintiff's counsel had an obligation to carefully review his time records for accuracy and to make sure that the time recorded was reasonable. However, time spent doing clerical tasks is not compensable. See Cobb v. Astrue, No. 3:08cv1130, 2009 WL 2940205, at *2 (D. Conn. Sept. 2, 2009); Magwood v. Astrue, 594 F. Supp. 2d 557, 563 (E.D. Pa. 2009). While the Court did award fees for 3.4 hours spent on an EAJA application in Cole-Lessard v. Astrue, No. 3:07cv1741, Rec. Ruling at 11 (D. Conn. Dec. 10, 2009), that case was unusual in that the plaintiff's first attorney had died during the pendency of the district court appeal and Attorney Pirro had to reconstruct his time records from a file containing several thousands of pages. The Court noted in its ruling that 3.4 hours would be considered excessive in many cases. Id. This is such a case. At the same time, the Court finds that an award for .75 hours, as suggested by Defendant, would be unreasonably low in this case. Instead, the Court finds that 2.0 hours are reasonable for preparation of the EAJA application and supporting documentation.

The Court has carefully reviewed Plaintiff's itemization of time filed in support of the first motion for attorney's fees and finds all of the remaining time entries to be reasonable. That finding, however, does not end this matter.

As noted above, Plaintiff's counsel has filed two additional motions for fees, seeking recovery for 13.2 additional hours of time spent on filing a reply brief, a second reply brief, and two supplemental motions for attorney's fees and supplemental affidavits. With the addition of these 13.2 hours, Plaintiff is seeking a fee award for a total of 16.6 hours spent on the EAJA

application alone.  That is not reasonable!  While Plaintiff's counsel was certainly entitled to file a reply brief "strictly confined to a discussion of matters raised by the responsive brief," D. Conn. L. Civ. R. 7(d), there was no need for Plaintiff to file a second motion for fees, a second reply memorandum, which is not even permitted by the Local Rules, or a third motion for fees. Plaintiff's counsel could have simply included in the reply brief a request for an additional award of fees covering time spent on the reply and attached a brief affidavit and itemization of time. The Court finds that 1.0 hour is a reasonable amount of time to prepare a reply to Defendant's response, which raised only two issues.  All other requested time will be disallowed.

Accordingly, the Court recommends that Plaintiff be awarded fees in the amount of $6,084.00, representing 33.8 hours of work compensated at the rate of $180 per hour.  Plaintiff's first motion for fees [Doc. # 19] should be granted in part and denied in part; Plaintiff's second motion for supplemental fees [Doc. # 25] should be granted in part and denied in part; Plaintiff's third motion for supplemental fees [Doc. # 28] should be denied.

This is a Recommended Ruling.  See Fed. R. Civ. P. 54(d)(2)(D) and 72(b)(1).  Any objection to this Recommended Ruling must be filed within 14 days after service.  See Fed. R. Civ. P. 72(b)(2).

SO ORDERED, this   30th    day of September, 2010, at Bridgeport, Connecticut.


  /s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE